**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-13-01709-001-PHX-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| Luis Armando Cruz-Galvan, | |
| Defendant. | |

Before the Court is Defendant Luis Armando Cruz-Galvan's ("Defendant") Amended Motion for Relief under § 3582(c)(1)(A). (Doc. 594.) For the reasons stated below, the Motion is denied.

## BACKGROUND

On April 27, 2015, Defendant pled guilty to Possession with Intent to Distribute Marijuana and Conspiracy to Launder Money in violation of 21 U.S.C. §§ 846, 841 and 18 U.S.C. § 1956(h). He was sentenced to 121 months in prison followed by five years of supervised release. (Doc. 444.) Defendant is presently in federal custody with a projected release date of July 17, 2022. (Doc. 594-2 at 2.) He filed the a motion for compassionate release on November 23, 2020, (Doc. 589), and the instant amended the motion on February 12, 2021, (Doc. 594).

**DISCUSSION**

**I.      Legal Standard**

Compassionate release is governed by 18 U.S.C. § 3582(c), as amended by the First Step Act of 2018. Pub. L. No. 115-391, 132 Stat. 5194, at 5239-40 (2018); *see United States v. Tsosie*, No. CR940003101PCTDGC, 2020 WL 3268694, at *1 (D. Ariz. June 17, 2020) ("The First Step Act amended § 3582(c) to permit motions for compassionate release by prisoners," rather than only the Prison Director). Amended § 3582(c) provides:

> (A) the court, upon motion of the Director of the [BOP], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment ... after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that –
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c).

Although § 3582(c) does not define "extraordinary and compelling reasons," the Sentencing Commission has identified four categories that may qualify: serious medical conditions, advanced age, family circumstances, and a catch-all "other reasons." U.S.S.G. § 1B1.13, application note 1(A)-(D); *see United States v. Esparza*, No. 17-cr-1101-JAH, 2020 WL 2838732, at *2 (S.D. Cal. June 1, 2020).[1] Specifically, the Commission contemplated a medical condition from which the defendant is not expected to recover—one that "substantially diminishes the ability of the defendant to provide self care within the environment of a correctional facility." U.S.S.G. § 1B1.13, application note 1(A)

---

[1] Though, by its terms, the current policy statement applies to motions for compassionate release filed by the BOP Director, it does provide helpful guidance given the commission has not amended the statement since the FSA was enacted or adopted a new policy statement applicable to motions filed by defendants. U.S.S.G. § 1B1.13; *see United States v. Aruda*, 993 F.3d 797 (9th Cir. 2021). In determining whether Defendant's situation provides extraordinary and compelling reasons for release, the Court looks to U.S.S.G. § 1B1.13 only to inform its discretion, and not as binding authority.

(providing as examples terminal illness, deteriorating physical or mental health, and serious cognitive impairment).

## II.     Analysis

Defendant suffers from obesity and hypertension. (Docs. 436 at 4, 19; 595-2.) Defendant notes, correctly, that the CDC has found that obesity and hypertension can increase the likelihood of severe illness if a patient contracts COVID-19. *See People with Certain Medical Conditions*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited August 4, 2021). However, Defendant received the first dose of the Pfizer COVID-19 vaccine on April 14, 2021 and was scheduled for a second on May 5, 2021. (Doc. 604-1 at 2.) According to the CDC, "COVID-19 vaccines are safe and effective at preventing COVID-19 disease, especially severe illness and death." *Key Things to Know About COVID-19 Vaccines*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/keythingstoknow.html (last visited August 4, 2021). Importantly, the CDC advises that "people who have been fully vaccinated can do things that they had stopped doing because of the pandemic." *Interim Public Health When You've Been Fully Vaccinated*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/fully-vaccinated-guidance.html (last visited August 4, 2021). In light of the efficacy of COVID-19 vaccines, courts consistently refuse to find that COVID-19 presents an extraordinary or compelling reason for relief. *See United States v. Mitchell*, No. CR0500886002PHXDGC, 2021 WL 2661486, at *3 (D. Ariz. June 29, 2021) ("Many courts have found that a vaccinated prisoner's risk of contracting COVID-19 does not rise to the level of an extraordinary and compelling reason, even in the presence of underlying health conditions.") (internal citation omitted); *United States v. Steltenpohl*, No. CR180078001PHXSPL, 2021 WL 2635456, at *1 (D. Ariz. June 25, 2021) ("However, regardless of his health conditions, COVID-19 reinfections are rare—particularly where the individual has been vaccinated."); *United States v. Ballenger*, No. CR16-5535 BHS, 2021 WL 308814, at *5 (W.D. Wash. Jan. 29,

2021) ("[B]ecause [defendant] has already been infected and vaccinated, his chronic medical conditions alone do not amount to an extraordinary and compelling reason to warrant compassionate release."). Thus, under these circumstances Defendant's hypertension and obesity do not constitute extraordinary and compelling reasons for his relief.

## CONCLUSION

For the reasons set forth above, the motion for compassionate release is denied because Defendant has not demonstrated an extraordinary or compelling reason for his release.

**IT IS THEREFORE ORDERED** that Defendant's amended motion for compassionate release (Doc. 594) is **DENIED.**

**IT IS FURTHER ORDERED** that, good cause appearing, Defendant's Motion to Seal Exhibit C of Defendant's Amended Motion for Relief (Doc. 595) is **GRANTED.** The Clerk of Court is directed to file under seal lodged Doc. 596.

Dated this 5th day of August, 2021.

_____
G. Murray Snow
Chief United States District Judge